### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 09-CR-30084-WDS** |
| | ) | |
| **MINTAI BEDFORD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion seeking retroactive application of the sentencing guidelines to crack cocaine offenses (Doc. 263).  The Court appointed Assistant Federal Defender Dan Cronin to represent the defendant.  The Probation Officer has determined, and appointed counsel concurs,  that the defendant is not eligible for a reduction in sentence because the amount of drugs involved, 1.04 kilograms of crack cocaine results in a change, under the amendments to the sentencing guidelines, in a base offense level of 34, which was his base offense level at the time of his sentencing.  The Court sentenced the defendant to a term of 90 months on Count 1 which was significantly lower than his offense range.

A review of the record, and application of §3582, reveals that the defendant was sentenced at a base offense level of 33 with a criminal history category of III, resulting in a guideline range of 168-210 months.  The amendments to the advisory guidelines would not, given the amount of controlled substance involved, result in a lower guidelines range than that which he is currently serving. Therefore, the relief which the defendant seeks is not available to him under the amendments to the advisory Sentencing Guidelines.

Accordingly, the Court **GRANTS**, the motion to withdraw (Doc. 275) and **DENIES**
defendant's motion for a reduction in sentence (Doc. 263) because the defendant is not entitled
to a reduction.


**IT IS SO ORDERED.**

**DATE:    05 November, 2012**

**/s/  WILLIAM D. STIEHL**
**DISTRICT JUDGE**
